IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREGORY BENSON and DONNA BENSON, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civil Action No. 25-720<br>) Judge Nora Barry Fischer<br>) |
| GRANGE MUTUAL CASUALTY GROUP, t/d/b/a GRANGE INSURANCE, | )<br>)<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I.   INTRODUCTION**

In this action, Plaintiffs Gregory Benson and Donna Benson ("Plaintiffs") have sued Defendant Grange Insurance Company[1] ("Grange" or "Defendant") for breach of contract, seeking a special injunction and asserting bad faith insurance practices in violation of 42 Pa.C.S. § 8371. (Docket No. 1-2 at 5-12) (Complaint). Plaintiffs aver that Defendant breached their homeowners insurance policy by denying their claim for coverage and indemnity for losses or damages sustained to their home. And they contend that Grange engaged in bad faith insurance practices through its investigation and denial of their insurance claim. (*Id.; see also* Docket No. 1-2 at 13-72) (Grange Insurance Policy No. HM4937253-02 and renewal forms) (the "Policy").

Presently before the Court is Defendant's Motion to Dismiss, wherein it argues that (a) Plaintiffs' breach of contract claim is barred by a one-year contractual limitations period set forth in the Policy, (b) their claim for injunctive relief falls with the breach of contract claim for which

---

[1] *See* Docket No. 4 (Defendant's Motion to Dismiss) at 1 (identifying Defendant as "Grange Insurance Company, incorrectly pled as Grange Mutual Casualty Group, t/d/b/a Grange Insurance").

it is simply another remedy, and (c) Plaintiffs have failed to sufficiently plead their bad faith claim in light of the pleading standards under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). (Docket Nos. 4, 5). Plaintiffs oppose Grange's motion and counter that the contractual limitations period runs from the date of Grange's asserted breach of contract rather than from the date of the fire, and that they have sufficiently pled their bad faith claim. (Docket No. 10). For the following reasons, Defendant's Motion is GRANTED as to Plaintiffs' claims for breach of contract and special injunction (Counts I and II) but DENIED as to their claim of bad faith (Count III), owing to Defendant's failure to address the possibility of cure by amendment. Plaintiffs are therefore *sua sponte* given leave to file, within 30 days of the date of this Memorandum Opinion and accompanying Order, an amended complaint that adequately alleges a claim of bad faith – failing which, Plaintiffs' bad faith claim will also be dismissed, with prejudice.

## II.    FACTUAL BACKGROUND

Plaintiffs' succinct Complaint avers that they own a home located at 330 Mount Manor Road in Manor, Pennsylvania (the "Property"), which beginning on November 27, 2022, was insured by Defendant under the Policy against loss of the dwelling, its use, and personal property.[2] On October 19, 2023, the Property was lost (in total) due to a fire, an event classified as a "loss" under the Policy. Plaintiffs thus also lost use of their Property and personal property it contained. (Docket No. 1-2 at 5-7).

Defendant has not disputed that the fire was a covered loss under the Policy. *Cf.* Docket No. 1-2 at 7 ("Throughout the course of its investigation, Defendant conceded that the total losses

---

[2] The record indicates that Plaintiffs purchased a standard homeowners's insurance policy, and that the limits of loss applicable to each of these categories of loss were $793,950, $105,860 and $396,975, respectively. (Docket No. 1-2).

2

were covered by an insured event . . . ."). The Complaint alleges - without specification regarding, *e.g.*, the timely submission of their claim - that Plaintiffs have "fully complied with all the terms, conditions and duties required under the Policy", and that Defendant "has not provided fair compensation" and has refused to pay the amounts Plaintiffs assert it should. *Id.* at 7-8.

## III.    PROCEDURAL HISTORY

Plaintiffs initiated this case by filing a Praecipe for Writ of Summons in the Court of Common Pleas of Westmoreland County, Pennsylvania on April 28, 2025. (Docket No 1-2 at 1-2). On May 27, 2025, Grange Insurance Company timely filed a Notice of Removal to this Court pursuant to 28 U.S.C. §1332 and §1446. (Docket No. 1).

Defendant filed its Motion to Dismiss and Brief in Support on June 3, 2025. (Docket Nos. 4, 5). Plaintiffs filed their Response in Opposition on July 9, 2025 and Defendant then submitted its Reply on July 23, 2025. (Docket Nos. 10, 11, respectively). The parties have not requested that they be permitted to engage in any further briefing; thus, this matter is fully briefed and ripe for disposition.

## IV.    LEGAL STANDARD

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) challenges the legal sufficiency of a complaint. The United States Supreme Court has held that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)) (alterations in original).[3]

---

[3] *See also id.* at 555 n.3 (noting that Rule 8 requires a showing, rather than a blanket assertion, of entitlement to relief, and "contemplates the statement of circumstances, occurrences, and events in support of the claim presented and does not authorize a pleader's bare averment that he wants relief and is entitled to it." ) (internal alterations, citations, and quotations omitted).

The Court must accept as true all well-pleaded facts and allegations and must draw all reasonable inferences therefrom in favor of the plaintiff.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50 (2009); *Twombly*, 550 U.S. at 555.  As the Supreme Court made clear in *Twombly*, however, the "factual allegations must be enough to raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 555.  The Supreme Court subsequently broadened the scope of this requirement, stating that "only a complaint that states a plausible claim for relief survives a motion to dismiss."  *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556).  This standard requires showing "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).  "This 'plausibility' determination will be 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'"  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949).

The United States Court of Appeals for the Third Circuit has instructed the district courts to utilize a three-step process in evaluating a Rule 12(b)(6) motion to dismiss.  *See Lutz v. Portfolio Recovery Assocs., LLC*, 49 F.4th 323, 327 (3d Cir. 2022).  First, the court must set out the elements of the plaintiff's claim; second, identify and disregard any "formulaic recitation of the elements" or allegations that are "so threadbare or speculative" as to amount to nothing more than mere conclusory statements; and, finally, evaluate "the plausibility of the remaining allegations" by assuming their veracity and "construing them in the light most favorable to the plaintiff[.]"  *Id*. at 327-328 (alteration, internal quotation marks, and citations omitted); *see also Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790-791 (3d Cir. 2016).  However, "the presumption of truth attaches

4

only to those allegations for which there is sufficient 'factual matter' to render them 'plausible on [their] face.'" *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (alteration in original) (quoting *Iqbal*, 556 U.S. at 679). "Conclusory assertions of fact and legal conclusions are not entitled to the same presumption." *Id.* (cited in *Joyce Outdoor Advert. Wallscapes, LLC v. City of Scranton*, 2024 WL 4900015, at *6 (M.D. Pa. Nov. 26, 2024)).

In addition to the complaint, courts may consider matters of public record and other matters of which they may take judicial notice,[4] court orders, and exhibits attached to the complaint when adjudicating a motion to dismiss under Rule 12(b)(6) without converting said motion into one for summary judgment. *Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 n.2 (3d Cir. 1994); *Spruill v. Gillis*, 372 F.3d 218, 223 (3d Cir. 2004); *Chester County Intermediate Unit v. Pennsylvania Blue Shield,* 896 F.2d 808, 812 (3d Cir. 1990)).[5]

## V.     DISCUSSION

Defendant argues that Plaintiffs' breach of contract claim is barred by the one-year contractual limitations period in their policy, that their special injunction claim falls with it, and that Plaintiffs have failed to sufficiently plead a claim for bad faith under section 8371. (Docket Nos. 4-5). Plaintiffs maintain that their claims are sufficiently pled to survive the instant motion to dismiss. (Docket No. 10). The parties do not dispute that substantive Pennsylvania law applies

---

[4] The court may take judicial notice of certain facts, as well as undisputedly authentic documents if the claims are based upon these documents. *See e.g., Pension Ben. Guar. Corp. v. White Consol. Industries, Inc*., 998 F.2d 1192, 1196 (3rd Cir. 1993) (parties' purchase and sale agreement upon which complaint was based could be judicially noticed); *Mayer v. Belichick*, 605 F.3d 223, 230 (3rd Cir. 2010). A judicially noticed fact is one that is "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed.R.Evid. 201(b).

[5] *See also U.S. Express Lines, Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002) (noting that "a document integral to or explicitly relied upon in the complaint may also be considered without converting the motion to dismiss into one for summary judgment.").

to these claims. (*See* Docket Nos. 4, 5, 10, 11). The Court concurs that Pennsylvania law applies and addresses the parties' positions below.

### A. *Breach of Contract and Special Injunction Claims*

The statute of limitations for a breach of contract claim under Pennsylvania law is generally a period of four (4) years. 42 Pa. C.S. § 5525. However, the parties to a contract may validly confine the limitations period to a shorter time "which is not manifestly unreasonable." 42 Pa. C.S. § 5501. Contractual limitations periods of one year in insurance policies have routinely been upheld as reasonable in Pennsylvanian courts. *See Lardas v. Underwriters Ins. Co.*, 426 Pa. 47, 231 A.2d 740, 741 (Pa. 1967) (noting that 12-month suit limitation period was reasonable)*; see also Prime Medica Assoc. v. Valley Forge Ins. Co.,* 970 A.2d 1149, 1156 (Pa. Super. Ct. 2009) ("Pennsylvania law recognizes as valid suit limitation clauses in insurance policies."). Federal courts applying Pennsylvania law have reached the same conclusion. *See Atiyeh v. National Fire Ins. Co. of Hartford,* Civ. A. No. 07-cv-04798, 2008 WL 4444253, at *4-5 (E.D.Pa. Sept. 30, 2008)*; see also McElhiney v. Allstate Ins. Co.*, 33 F. Supp. 2d 405, 406 (E.D.Pa. 1999).

Here, Defendant contends that the first two counts of the Complaint, for breach of contract and injunctive relief, must be dismissed as time-barred pursuant to a provision in the Policy that "[a]ny . . . suit or claim for loss [other than for loss resulting from windstorm or hail] must be brought within one year after the loss or damage occurs." (Docket No. 1-2 at 36). In support of this contention, Defendant proffers numerous reported insurance cases holding that such a contractual one-year limitation period running from the date of loss is valid and enforceable, together with a statutory mandate that Pennsylvania fire insurance contracts generally must include such a provision.[6] (Docket Nos. 5 at 3-5; 11 at 2-3).

---

[6] 40 P.S. § 636(2) provides in relevant part:

In response, Plaintiffs observe that "the terms 'loss' or 'damage' are not defined in the contract, and suggests that "[i]n terms of a Breach of Contract claim, a damage, or a loss, arises at the time of the breach" so that the one-year time for bringing suit should commence with the alleged breach, and "not the occurrence of the fire that destroyed the dwelling." (Docket No. 10 at 7). Plaintiffs do not cite any authority in support of this interpretation; nor do they address any of the contrary authorities cited by Defendant.

When interpreting a contract under Pennsylvania law, "[t]he entire contract should be read as a whole and every part interpreted with reference to the whole, so as to give effect to its true purpose." *EMD Perf. Materials v. Marque of Brands Americas*, 578 F. Supp. 3d 670, 688 (E.D. Pa. 2022), quoting *Pritchard v. Wick*, 178 A.2d 725, 727 (Pa. 1962). Here, the terms "loss" and "damage" are used many times throughout the policy. (Docket No. 1-2, *passim*). Indeed, the overarching subject of the Policy is coverage of loss, and many of the Policy's provisions are concerned with what losses are covered or not covered, and how covered losses are to be paid. Reading the Policy as a whole, it is apparent that "loss" refers to loss of or to property or loss of the use of property; and "damage" means damage to property, as a cause or component of such loss. (Docket No. 1-2 at 21, 27, 54). For example, the relationship between "loss" and "damage" is illustrated by the requirement that "[i]f a covered loss occurs, an insured person must: . . . . [p]rotect the property from further damage . . . ." (Docket No. 1-2 at 33) (bold omitted).

---

Except as provided elsewhere . . . , no insurance company . . . shall issue a policy affording fire insurance . . . on property in this Commonwealth, unless such policy contains the following provisions as to such insurance:

. . . . .

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity . . . unless commenced within twelve months next after inception of the loss.

7

In case there were any doubt as to the meaning of "loss" or "damage" from reading the Policy as a whole, that doubt would readily be resolved by focusing on language immediately preceding the limiting clause at issue. The entire provision regarding suits or claims reads as follows:

> **Suits or Claims Against Us**
> **We** may not be sued unless there is full compliance with all terms of this policy. A claim for loss resulting from windstorm or hail, must be reported to us or our agent within six months of the loss event, and any suit arising therefrom must be brought within one year after the loss or damage occurs. Any other suit or claim for loss must be brought within one year after the loss or damage occurs.

(Docket No. 1-2 at 36) (bold in original). The second and third sentences in the quoted provision require that any suit arising from loss resulting from windstorm or hail, and any other suit, "must be brought within one year after the loss or damage occurs". The use of identical language in consecutive sentences to designate the commencement of an identical one-year period for suit very strongly suggests that the phrase "within one year after the loss or damage occurs" has the same meaning in both sentences.[7] But in the second sentence it is clear that "the loss" referred to in that phrase refers back to a "loss resulting from windstorm or hail", which cannot reasonably be equated with an asserted injury arising from breach of contract. Thus, in the second sentence – and hence also in the third – the "loss or damage" which triggers the time for suit refers to the casualty or "loss event" insured against. Accordingly, just as a suit for loss from wind or hail must be brought within one year of the storm that caused the underlying loss or damage, so too

---

[7] It has long been considered "a sound rule of construction that where a word has a clear and definite meaning when used in one part of a . . . document, but has not when used in another, the presumption is that the word is intended to have the same meaning in the latter as in the former part."

A. Scalia & B. Garner, *Reading Law: The Interpretation of Legal Texts* § 25 ("Presumption of Consistent Usage") (West, 2011), quoting H. Broom, *A Selection of Legal Maxims* 443 (8th ed. 1911).

in a case involving loss from another cause, such as fire, suit must be brought within one year of the fire.[8]

The Court finds that the Policy unambiguously requires that any suit thereunder for loss or damage from fire must be brought within one year after the loss or damage occurs – which ordinarily means within one year after the occurrence of the fire itself.[9]  Because Plaintiffs did not bring this suit until nearly a year-and-a-half after the fire, their contractual claim in Count I is time-barred, and must therefore be dismissed with prejudice.

With respect to Count II, for special injunction, Plaintiffs acknowledge that to obtain relief under this count they must show that they are "likely to prevail on the merits" of their contract claim; and their sole argument as to the Complaint's sufficiency in this regard is that "Plaintiffs have a clear breach of contract claim against Defendants [*sic*]".  (Docket No. 10 at 7-8).  Because the Court has determined that Plaintiffs do *not* have a breach of contract claim – with such claim now being dismissed as time barred – it follows that Plaintiffs do not state a claim under Count II as to which any relief may be granted, and this count must also be dismissed, with prejudice.

### *B. Bad Faith*

The Court next turns to Defendant's challenge to Plaintiffs' bad faith claim in light of the application of the pleading standards set forth in *Twombly* and *Iqbal*.  At the outset, the Court recognizes that bad faith is generally an independent cause of action separate from the contract claim.  *See Gold v. State Farm Fire and Cas. Co.*, 880 F. Supp. 2d 557, 597 (E.D. Pa. 2012).  In addition, Plaintiffs are not precluded from potentially recovering under a bad faith theory solely

---

[8] Plaintiffs acknowledge in their Complaint that a fire is "included [in the Policy] as an event that would be a 'loss'". (Docket No. 1-2 at 6).

[9] In ordinary experience, the destructive effects of a fire on buildings and personalty are immediate, and immediately apparent.  The Court recognizes that there may be cases in which loss or damage from a fire occurs substantially after the occurrence of the fire itself.  This does not appear to be such a case.

because the contractual limitations period has been enforced and the breach of contract claim has been dismissed. *See March v. Paradise Mut. Ins. Co.*, 646 A.2d 1254, 1256 (Pa. Super. Ct. 1994)) ("a claim for bad faith can survive even if plaintiff's breach of contract claim is barred by the policy's limitation provision.").[10]  Thus, the Court must fully evaluate the parties' arguments as to the bad faith claim.

To establish a bad faith claim under Pennsylvania law, "'a plaintiff must show by clear and convincing evidence that the insurer (1) did not have a reasonable basis for denying benefits under the policy and (2) knew or recklessly disregarded its lack of a reasonable basis in denying the claim.'" *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 522 (3d Cir. 2012) (quoting *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. Ct. 2006)).

> "Bad faith" on [the] part of [an] insurer is any frivolous or unfounded refusal to pay proceeds of a policy; it is not necessary that such refusal be fraudulent. For purposes of an action against an insurer for failure to pay a claim, such conduct imports a dishonest purpose and means a breach of a known duty (i.e., good faith and fair dealing), through some motive of self-interest or ill will; mere negligence or bad judgment is not bad faith.

*Post*, 691 F.3d at 523 (quoting *Terletsky v. Prudential Prop. & Cas. Ins. Co.*, 649 A.2d 680, 688 (Pa.Super.Ct.1994)) (further quotation omitted).  "[A]n insurer may defeat a claim of bad faith by showing that it had a reasonable basis for its actions." *Amica Mut. Ins. Co. v. Fogel*, 656 F.3d 167, 179 (3d Cir. 2011).

---

[10] *See also Ferguson v. USAA Gen. Indem. Co.,* 334 F.R.D. 407, 410 (M.D. Pa. 2019) ("The holding in *March* is . . . well-established Pennsylvania law.") (citing *Adamski v. Allstate Ins. Co.,* 738 A.2d 1033, 1039 n.5 (Pa. Super. Ct. 1999) ("A bad faith action under [S]ection 8371 is neither related to nor dependent on the underlying contract claim against the insurer."); *Gallatin Fuels, Inc. v. Westchester Fire Ins. Co.,* 244 F. App'x 424, 434 (3d Cir. 2007) ("In interpreting [S]ection 8371, this court has consistently held that claims brought thereunder are distinct from the underlying contractual insurance claims from which the dispute arose.") (quoting *Nealy v. State Farm*, 695 A.2d 790, 792-93 (Pa. Super. Ct. 1997)).

Many federal district courts have been called upon to evaluate bad faith complaints under *Iqbal* and *Twombly*, which require that plaintiffs plead sufficient facts to make out a plausible claim for relief against the defendant. *See Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557). In the bad faith context, district courts have required more than "conclusory" or "bare-bones" allegations that an insurance company acted in bad faith by listing a number of generalized accusations without sufficient factual support. *See e.g., Liberty Ins. Corp. v. PGT Trucking, Inc.*, Civ. A. No. 11–151, 2011 WL 2552531, at *4 (W.D.Pa. Jun. 27, 2011); *Pfister v. State Farm Fire & Cas. Co.*, Civ. A. No. 11-799, 2011 WL 3651349 (W.D. Pa. Aug. 18, 2011); *Atiyeh*, 742 F. Supp. 2d at 599 ("However, these averments are merely conclusory legal statements and not factual averments."). For example, in *Liberty Ins. Corp. v. PGT Trucking*, this Court found that a pleading was deficient as it set forth only a "laundry list" of many such generalized accusations, including, among other things, that the insurer had: failed to adequately investigate; failed to settle at appropriate values; failed to act in the best interest of the insured; and/or failed to adequately protect the insured's interests. *Liberty Ins. Corp.*, 2011 WL 2552531 at *4 (holding such allegations insufficient because they were not supported by any facts which "describe who, what, where, when, and how the alleged bad faith occurred"). *Id.*[11]

---

[11] *See also Pfister v. State Farm Fire & Cas. Co.*, 2011 WL 3651349, *supra*. The deficient pleading in that case stated merely that the insurer:

> 1) failed "to conduct a complete and thorough investigation of the claim"; 2) failed to "objectively and fairly value Plaintiffs' claim"; 3) relied upon an estimate compiled by its own consultant while ignoring an estimate provided by Plaintiffs; 4) "failed to negotiate the claim in good faith"; 5) failed to "respond to Plaintiffs' additional written request to discuss resolution of the claim without litigation"; and 6) "failed to provide a reasonable factual explanation of the basis for Defendant's refusal" to pay the full amount sought by Plaintiffs.

*Id.* at *1.

Plaintiffs' bad faith claim, as currently set forth, fails for similar reasons. The Complaint alleges generally that Grange has refused to pay the "reasonable and fair value" of Plaintiffs' claims, or the amounts Plaintiffs assert to be necessary to "rebuild the dwelling" and "replace the personal property lost in the fire"; offering instead a "woefully inadequate amount" for the dwelling. (Docket No. 1-2 at 7-8, 11). Count III culminates in the following *pro forma* bill of particulars:

> The actions of Defendant in handling Plaintiffs' claim constitute Bad Faith by:
>
> a. Failing to objectively and fairly evaluate the claims;
>
> b. Failing to reevaluate the claims based on new information;
>
> c. Engaging in dilatory behavior;
>
> d. Failing to adopt and adhere to reasonable standards;
>
> e. Failing to promptly offer reasonable payment to Plaintiffs;
>
> f. Violating the fiduciary duty owed to Plaintiffs;
>
> g. Acting unreasonably;
>
> h. Acting unfairly;
>
> i. Failing to make an honest and objective settlement offer; and,
>
> j. Causing Plaintiffs to bear the stress and anxiety associated with their actions and now litigation.

(Docket No. 1-2 at 11-12 ¶ 60). Plaintiffs further aver in a conclusory fashion that Defendant has "engaged in wanton and reckless conduct with regard to the welfare, interests, and rights of Plaintiffs." (*Id.* at 12 ¶ 61). These types of generalized accusations are insufficient without supporting facts setting forth "who, what, where, when, and how the alleged bad faith occurred." *Liberty Ins. Corp.*, 2011 WL 2552531 at *4. In this Court's estimation, the facts pled by Plaintiffs

in an attempt to establish bad faith are not enough to sustain a bad faith claim under Pennsylvania law.  *See Post*, 2012 WL 3095352, at *21; *see also Liberty Ins. Corp.*, 2011 WL 2552531 at *4.  Stripped of its conclusory averments, Plaintiffs' Complaint essentially alleges that Grange refused to pay the amounts Defendants requested.[12]  In other words, it is too long on boilerplate, and too short on particularized factual detail, to show "who, what, when, why or how" Grange acted in bad faith toward Plaintiffs.

That being so, the Court is prepared to dismiss Count III as well.  However, the Court deems it appropriate to afford Plaintiffs an opportunity to amend their Complaint, if they believe that they can state a factually-supported, plausible claim for bad faith.  In this regard, the Court notes that Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that leave to amend should be freely granted "when justice so requires"; and that the "grant or denial of an opportunity to amend is within the discretion of the District Court." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Although Defendant has signaled its opposition to allowing amendment by inserting the words "with prejudice" at the conclusion of its argument on Count III, it has not proffered any ground therefor.[13]  Consequently, the Court will stay its dismissal of Count III for a period of 30 days, during which Plaintiffs may file an amended complaint solely as to their claim for bad faith.

---

[12] As Defendant encapsulates it, "[a]t best, the Complaint establishes a disagreement between the parties regarding the value of the subject claim."  (Docket No. 5 at 12).

[13] *Cf. Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000), quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) ("Among the grounds that justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice and futility.").

13

## VI.  CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss is GRANTED as to Counts I and II, and Plaintiffs' breach of contract and special injunction claims are dismissed with prejudice; and Plaintiffs are granted leave to file an amended complaint as to Count III within 30 days hereof. An appropriate order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
U.S. District Judge

Date:   August 5, 2025

cc:     All counsel of record